IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40126
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS MARTINEZ-DE LA ROSA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-828-ALL
- - - - - - - - - -
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Luis Martinez-De La Rosa ("Martinez") appeals from his guilty-plea conviction for illegal reentry into the United States.  He argues for the first time on appeal that his indictment was defective for failing to allege general intent. This court's decision in United States v. Guzman-Ocampo, 236 F.3d 233, 238-39 (5th Cir. 2000), is dispositive of such argument. The indictment alleged every statutorily required element of 8 U.S.C. § 1326 and fairly imported that Martinez's reentry was a voluntary act in view of the allegations that he had been

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deported and removed and that he was present without having obtained the consent of the Attorney General.  Martinez failed to challenge the indictment or the element of voluntariness in district court.  Consequently, under Guzman-Ocampo, the indictment was statutorily sufficient.

Martinez also argues that the indictment was defective because it failed to allege a specific intent element.  This argument is foreclosed by United States v. Trevino-Martinez, 86 F.3d 65, 68-69 (5th Cir. 1996), which Martinez concedes.  He raises this issue to preserve it for possible Supreme Court review.

Accordingly, the district court's judgment is AFFIRMED.